UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GARY STECKEL<br>*Plaintiff,* | * | CIVIL ACTION NO. 2:23-cv-03747 |
| | * | |
| | * | JUDGE GREG G. GUIDRY |
| vs. | * | |
| | * | MAGISTRATE JUDGE JANIS |
| OCCIDENTAL FIRE AND CASUALTY<br>COMPANY OF NORTH CAROLINA<br>*Defendant.* | *<br>*<br>* | VAN MEERVELD |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND REASONS

The Court has before it Defendant Occidental Fire & Casualty Company of North Carolina's ("Occidental") Motion to Dismiss the claims raised against it by Plaintiff Gary Steckel in this Hurricane Ida insurance action for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 9. Plaintiff has responded in opposition to the Motion, R. Doc. 13, and Occidental has filed a reply memorandum, R. Doc. 17. Having considered the parties' arguments, along with the applicable law and facts, the Court will GRANT Occidental's Motion.

As Occidental argues, it is well established that "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002). Therefore, a plaintiff's failure to identify any specific insurance policy provision it alleges the named defendant breached "alone is enough to render the complaint deficient." *JMC - Tran Properties v. Westchester Surplus Lines Ins. Co.*, 2023 WL 2527168, at *4 (E.D. La. Mar. 15, 2023) (quoting *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 652 (E.D. La. 2022)); *see also NAZ LLC v. Mt. Hawley Ins. Co.*, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022) (explaining same); *Engles v.*

1

*Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 707 (E.D. La. 2023) (same). Here, Plaintiff fails to identify any specific provision in the insurance contract between himself and Occidental he asserts Occidental has breached. *See* R. Doc. 1. His complaint is thus deficient and appropriate for dismissal pursuant to Rule 12(b)(6).

However, Plaintiff has requested leave to amend his complaint should the Court find it deficient. *See* R. Doc. 13 at 4. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim." *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977). Plaintiff has not previously been afforded the opportunity to amend his complaint, and the Court cannot hold on the record before it at this stage that any amendment Plaintiff might make would be futile. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (noting a court need not grant leave to amend if the proposed amendment would be "futile," i.e., if the complaint so amended would still fail to survive Rule 12(b)(6) review). Accordingly;

**IT IS ORDERED** that Occidental's Motion to Dismiss, R. Doc. 9, is **GRANTED** and all claims raised against it in Plaintiff's initial complaint are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE** to file an amended complaint no later than July 5, 2024. Should Plaintiff fail to amend his complaint by that deadline, or, if necessary, to seek an extension prior to the expiration of that deadline, this matter will be dismissed without further notice.

New Orleans, Louisiana, this 12th day of June, 2024.

_____
Greg Gerard Guidry
United States District Judge